IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSSETTS

| | |
|---|---|
| DANIEL CROOKS, individually and on behalf of all others similarly situated,<br><br>                   Plaintiff,<br><br>  v.<br><br>DUNKIN' BRANDS GROUP INC. and SVC SERVICE II LLC,<br><br>                   Defendants. | Civil Action No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Daniel Crooks ("Plaintiff"), by and through his attorneys, makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to allegations specifically pertaining to himself and his counsel, which are based on personal knowledge, against Defendant Dunkin' Brands Group Inc. and Defendant SVC Service II LLC ("Dunkin" or "Defendants").

## NATURE OF THE ACTION

1. Defendants provide reloadable gift cards ("Gift Cards") intended for use in Defendants' coffee and snack shops.

2. This case seeks redress for Defendants' practice of misrepresenting the value of these Gift Cards.

3. These Gift Cards can be purchased and refilled at Defendants' stores nationwide.

4. Defendants' Gift Cards include unfair, deceptive, and illegal conditions that are only revealed to customers after the point of sale, or never revealed at all.

5. Defendants' Gift Cards state that the "Card Value may not be redeemed for cash, check or credit unless required by law."

6.      However, Defendants do not reveal that despite this affirmation, Defendants' policy is that the Gift Cards are completely non-refundable and in fact have no mechanism to refund the value of the gift cards even in situations where state law requires it.

7.      These remaining balances are thus unavailable to Gift Card users and function as a hidden fee that is not disclosed to users.

8.      Even after the point of sale, Defendants do not reveal that their Gift Card balances are completely non-refundable until users attempt to obtain their remaining balances.

9.      Thus, the policies that produce these balances that Defendants keep are not disclosed to customers clearly and conspicuously.

10.     Massachusetts' M.G.L.A. 255D § 1 defines a "gift certificate" as:

> [A] writing identified as a gift certificate purchased by a buyer for use by a person other than the buyer not redeemable in cash and usable in its face amount in lieu of cash in exchange for goods or services supplied by the seller. A gift certificate shall include an electronic card with a banked dollar value, a merchandise credit, a certificate where the issuer has received payment for the full face value for the future purchase or delivery of goods or services and any other medium that evidences the giving of consideration in exchange for the right to redeem the certificate, electronic card or other medium for goods, food, services, credit or money of at least an equal value. A gift certificate shall not include pre-paid calling arrangements, as defined in section 1 of chapter 64H, or any electronic card usable with multiple unaffiliated sellers of goods or services.

11.     Massachusetts' M.G.L.A. 200A § 5D requires that:

> A purchaser or holder of a gift certificate [as defined in section 1 of chapter 255D] which, by its terms, authorizes the purchaser or holder to add value thereto and which has been redeemed in part, such that the value remaining is $5.00 or less, shall make an election to receive the balance in cash or continue using the gift certificate. A gift certificate with a zero balance shall be void.

12.     Defendants' Gift Cards are a gift certificate within the meaning of Massachusetts' M.G.L.A. 255D § 1.

13. Similarly, New Jersey's N.J.S.A. 46:30B-42.1(h) requires that:

> [I]f a stored value card is redeemed and a balance of less than $5 remains on the card after redemption, at the owner's request the merchant or other entity redeeming the card shall refund the balance in cash to the owner.

14. All told, at least 10 states have statutes that require retailers to provides a cash refund up to a certain amount for a gift card's remaining value.[1]

15. In direct violation the laws of Massachusetts and many of her sister states and contrary to Defendants' representations, Defendants' policies "authorize[] the purchaser or holder to add value [to Defendants Gift Cards] and [after being] redeemed in part, such that the value remaining is $5.00 or less, [do not allow purchasers or holders to] make an election to receive the balance in cash or continue using the gift certificate." M.G.L.A. 200A § 5D.

16. These small balances add up. Defendants have distributed millions of these cards to Gift Card purchasers and holders throughout the United States. Thus, Defendants have acquired at least millions of dollars in revenue to which they are not entitled.

17. Plaintiff is a Gift Card holder who asserts claims on behalf of himself and similarly situated Gift Card holders for breach of contract, unjust enrichment, and violations of consumer protection statutes.

## PARTIES

18. Plaintiff Daniel Crooks is a citizen of New Jersey who resides in Manchester, New Jersey. Plaintiff Crooks possesses a Gift Card that originally contained a balance of greater than $5 but currently contains a balance of $4.54. Plaintiff Crooks was not aware of Defendants'

---

[1] *See also* California (Cal. Civ. Code § 1749.5); Colorado (Colo. Rev. Stat. § 6-1-722(b)(2)); Maine (Me. Rev. Stat. Ann. tit. 33, § 1953(G)(5)); Montana (Mont. Code Ann. § 30-14-108(4)); Oregon (Or. Rev. Stat. § 646A.276(1)(d)); Rhode Island (R.I. Gen. Laws § 6-13-12); Vermont (Vt. Stat. Ann. tit. 8, § 2704); Washington (Wash. Rev. Code § 19.240.020(3)).

unfair and deceptive policies before he purchased the Gift Card.  Plaintiff purchased the Gift Card in March 2021.  Plaintiff would like to obtain the balance of his gift card in cash but Defendants' policies and practices do not permit him to do so.

19. Defendant Dunkin' Brands Group Inc. is a Delaware corporation with its principal place of business at 130 Royall St., Canton, MA, 02021.  Defendant Dunkin' Brands Group Inc. operates coffee and snack shops throughout the United States.

20. Defendant SVC Service II LLC is a Colorado limited liability company with its principal place of business at 130 Royall St., Canton, MA, 02021.   Defendant Dunkin' Brands Group Inc. is the parent company of Defendant SVC Service II LLC.

## JURISDICTION AND VENUE

21. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Defendants.

22. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendants maintain their principal place of business in this district and a substantial portion of the events that gave rise to this cause of action occurred here.

23. This court has personal jurisdiction over Defendants because Defendants maintain their principal place of business in this district.

## CLASS REPRESENTATION ALLEGATIONS

24. Plaintiff seeks to represent a class defined as all persons in the United States who possess Gift Cards that are maintained by Defendants (the "Class").

25. Plaintiff also seeks to represent a subclass defined as all Class members who reside in New Jersey who possess Gift Cards that are maintained by Defendants (the "New Jersey Subclass").

26. Members of the Class and New Jersey Subclass are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class and New Jersey Subclass number in the hundreds of thousands. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendants and third-party retailers and vendors.

27. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include but are not limited to whether Defendants' Gift Card refund policies are false and misleading.

28. The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff was exposed to Defendants' false and misleading marketing and promotional materials and representations, possesses Gift Cards, and suffered a loss as a result of Defendants' possible prepayment amount and refund policies.

29. Plaintiff is an adequate representative of the Class and Subclass because his interests do not conflict with the interests of the Class members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and his counsel.

30. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members. Each individual Class member may lack the

resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendants' liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

### COUNT I
### Violations of the New Jersey Truth-in-Consumer Contract, Warranty and Notice Act "TCCWNA," New Jersey Stat. §§ 56:12-14 to 56:12-18

31. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

32. Plaintiff brings this claim individually and on behalf of the members of the New Jersey Subclass against Defendants.

33. The TCCWNA provides:

> No seller … shall in the course of his business offer to any consumer or prospective consumer or enter into any written consumer contract or give or display any written consumer warranty, notice or sign … which includes any provision that violates any clearly established legal right of a consumer or responsibility of a seller, lessor, creditor, lender or bailee as established by State or Federal law at the time the offer is made or the consumer contract is signed or the warranty, notice or sign is given or displayed.

34. The Gift Card statements that state "Card Value may not be redeemed for cash, check or credit unless required by law", are written consumer warranties, notices, and/or signs

6

offered, given, and/or displayed to consumers and prospective consumers subject to the TCCWNA.

35. Plaintiff and members of the New Jersey Subclass are "consumer[s] or prospective consumer[s]" within the meaning of N.J.S.A. § 56:12-15.

36. Defendants are "sellers" within the meaning of N.J.S.A. § 56:12-15.

37. The rights of consumers to obtain a refund of the balance of their Gift Cards when the balance is less than $5, as well as the right to avoid deception caused by false and misleading statements on the Gift Card labels and marketing materials, are "clearly established legal rights" under N.J.S.A. § 56:8-2 and N.J.S.A. 46:30B-42.1(h).

38. The responsibility of a seller to refrain from the employment of any unconscionable commercial practice, deception, fraud, false pretense, or misrepresentation, and to refrain from the knowing concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale of merchandise, and to refrain from selling products with labels that make false statements about the products, are clearly established under N.J.S.A. § 56:8-2.

39. Defendants violated the TCCWNA by stating that the Gift Cards were non-refundable when New Jersey state law clearly requires that "if a stored value card is redeemed and a balance of less than $5 remains on the card after redemption, at the owner's request the merchant or other entity redeeming the card shall refund the balance in cash to the owner." N.J.S.A. 46:30B-42.1(h).

40. Additionally, "a contract or notice cannot simply state in a general, nonparticularized fashion that some of the provisions of the contract or notice may be void, inapplicable, or unenforceable in some states." *Shelton v. Restaurant.com, Inc.*, 214 N.J. 419, 428, 70 A.3d 544, 549 (2013).

41. Defendants further violated the TCCWNA by misrepresenting that the Gift Cards complied with state law when in fact they did not.

42. Defendants' acts and omissions are material, in that a reasonable person would attach importance to the information and would be induced to act on the information in making purchase decisions.

43. Plaintiff and members of the Class and the New Jersey Subclass were injured as a result because they (a) spent money to fill up their Gift Card, (b) were charged a hidden fee in the form of a balance that they were not able to obtain receive in cash, and (c) were harmed in that their Gift Card balance which is only usable to purchase Defendants' products is worth less than the value of what they are entitled to, i.e. a balance that they can spend anywhere.

44. Pursuant to N.J.S.A. § 56:12-17, Defendants are liable to Plaintiff and the New Jersey Subclass for civil penalties of not less than $100 per violation or for actual damages, or both, at the election of the consumer. In addition, Plaintiff is entitled to reimbursement for all reasonable attorneys' fees and court costs incurred as a result of bringing this action.

## COUNT II
### Unjust Enrichment

45. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

46. Plaintiff brings this claim individually and on behalf of members of the Class and the New Jersey Subclass against Defendants.

47. Plaintiff and Class members conferred benefits on Defendants by paying money to Defendants in the form paying money for the Gift Cards or causing others to pay money on their behalf.

48. Defendants have knowledge of such benefits.

49. Defendants have been unjustly enriched in retaining the revenues derived from Plaintiff's and Class members' Gift Card balance remainders. Retention of those moneys under these circumstances is unjust and inequitable because Defendants did not disclose that their Gift Card balances were non-refundable despite the explicit terms stating that the balances were refundable under certain conditions.

50. Because Defendants' retention of the non-gratuitous benefits conferred on them by Plaintiff and Class members is unjust and inequitable, Defendants must pay restitution to Plaintiff and the Class members for their unjust enrichment, as ordered by the Court.

## COUNT III
### Breach of Contract

51. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

52. Plaintiff brings this claim individually and on behalf of members of the Class and the New Jersey Subclass against Defendants.

53. Plaintiff and Class Members (either as principals or third-party beneficiaries) entered into identical, binding contracts with Defendants by accepting Defendants' offer to purchase Defendants' Gift Cards in accordance with the terms of Defendants' terms located on the back of the Gift Cards which stated that "Card Value may not be redeemed for cash, check or credit unless required by law."

54. In consideration of the Gift Cards, Defendants were paid money.

55. Defendants breached this agreement by failing to allow Plaintiff and class members to redeem their Gift Cards for cash even when required by law to do so.

56. Plaintiff and members of the Class have suffered damages as a direct and proximate result of Defendants' breach, including but not limited to being deprived of the cash from their Gift Card balances to which they were promised.

9

57. As a direct and proximate result of Defendants' breach, Plaintiff and the Class are entitled to damages to be decided by the trier of fact in this action. Such damages include, but are not limited to, refunds of their Gift Card balance.

## **RELIEF DEMANDED**

58. WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

    a. For an order certifying the nationwide Class and the New Jersey Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and the New Jersey Subclass and Plaintiff's attorneys as Class Counsel to represent the Class and the New Jersey Subclass members;

    b. For an order declaring that Defendants' conduct violates the statutes referenced herein;

    c. For an order finding in favor of Plaintiff, the nationwide Class, and the New Jersey Subclass on all counts asserted herein;

    d. For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

    e. For prejudgment interest on all amounts awarded;

    f. For an order of restitution and all other forms of equitable monetary relief;

    g. For an order enjoining Defendants from continuing the illegal practices detailed herein and compelling Defendants to undertake a corrective advertising campaign; and

    h. For an order awarding Plaintiff and the Class and New Jersey Subclass their reasonable attorneys' fees and expenses and costs of suit.

## **JURY TRIAL DEMANDED**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all claims so triable.

Dated:  May 12, 2022                           Respectfully submitted,

                                          **REARDON SCANLON LLP**

                                          By: */s/ James J. Reardon, Jr.*
                                                  James J. Reardon, Jr.

James J. Reardon, Jr.
45 South Main Street, 3rd Floor
West Hartford, CT  06107
Telephone: (860) 955-9455
Facsimile:  (860) 920-5242
Email:  james.reardon@reardonscanlon.com

**BURSOR & FISHER, P.A.**
Philip L. Fraietta (*phv forthcoming*)
Julian C. Diamond  (*phv forthcoming*)
888 Seventh Avenue
New York, NY 10019
Tel:  (646) 837-7150
Fax: (212) 989-9163
E-Mail:  pfraietta@bursor.com
              jdiamond@bursor.com

*Attorneys for Plaintiff*