IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSSETTS

| | |
|---|---|
| DANIEL CROOKS and MATTHEW MILLER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DUNKIN' BRANDS GROUP INC. and SVC SERVICE II LLC,<br><br>Defendants. | Civil Action No.: l:22-cv-10738-PBS<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Daniel Crooks and Matthew Miller ("Plaintiffs"), by and through their attorneys, make the following allegations pursuant to the investigation of their counsel and based upon information and belief, except as to allegations specifically pertaining to themselves and their counsel, which are based on personal knowledge, against Defendant Dunkin' Brands Group Inc. and Defendant SVC Service II LLC ("Dunkin" or "Defendants").

## NATURE OF THE ACTION

1.  Defendants provide reloadable gift cards ("Gift Cards") intended for use in Defendants' coffee and snack shops.

2.  This case seeks redress for Defendants' practice of misrepresenting the value of these Gift Cards.

3.  These Gift Cards can be purchased and refilled at Defendants' stores nationwide.

4.  Defendants' Gift Cards include unfair, deceptive, and illegal conditions that are only revealed to customers after the point of sale, or never revealed at all.

5.  Defendants' Gift Cards state that the "Card Value may not be redeemed for cash, check or credit unless required by law."

6. However, Defendants do not reveal that despite this affirmation, Defendants' policy is that the Gift Cards are completely non-refundable and in fact have no mechanism to refund the value of the Gift Cards, even in situations where state law requires it.

7. When Gift Card holders attempt to obtain Gift Card balances, they are confronted with the fact that Defendants have no method which allows holders to obtain the Gift Card Balances.

8. These remaining balances are thus unavailable to Gift Card users and function as a hidden fee that is not disclosed to users.

9. Even after the point of sale, Defendants do not reveal that their Gift Card balances are completely non-refundable until users attempt to obtain their remaining balances.

10. Thus, the policies that produce these balances that Defendants keep are not disclosed to customers clearly and conspicuously.

11. Massachusetts' M.G.L.A. 255D § 1 defines a "gift certificate" as:

> [A] writing identified as a gift certificate purchased by a buyer for use by a person other than the buyer not redeemable in cash and usable in its face amount in lieu of cash in exchange for goods or services supplied by the seller. A gift certificate shall include an electronic card with a banked dollar value, a merchandise credit, a certificate where the issuer has received payment for the full face value for the future purchase or delivery of goods or services and any other medium that evidences the giving of consideration in exchange for the right to redeem the certificate, electronic card or other medium for goods, food, services, credit or money of at least an equal value. A gift certificate shall not include pre-paid calling arrangements, as defined in section 1 of chapter 64H, or any electronic card usable with multiple unaffiliated sellers of goods or services.

12. Massachusetts' M.G.L.A. 200A § 5D requires that:

> A purchaser or holder of a gift certificate [as defined in section 1 of chapter 255D] which, by its terms, authorizes the purchaser or holder to add value thereto and which has been redeemed in part, such that the value remaining is $5.00 or less, shall make an election

> to receive the balance in cash or continue using the gift certificate. A gift certificate with a zero balance shall be void.

13. Defendants' Gift Cards are a gift certificate within the meaning of Massachusetts' M.G.L.A. 255D § 1.

14. Similarly, New Jersey's N.J.S.A. 46:30B-42.1(h) requires that:

> [I]f a stored value card is redeemed and a balance of less than $5 remains on the card after redemption, at the owner's request the merchant or other entity redeeming the card shall refund the balance in cash to the owner.

15. Additionally, California's CA CIVIL § 1749.5(b)(1) states that:

> [A]ny gift certificate with a cash value of less than ten dollars ($10) is redeemable in cash for its cash value.

16. According to CA CIVIL § 1749.45, "'gift certificate' includes gift cards."

17. All told, at least 10 states have statutes that require retailers to provide a cash refund up to a certain amount for a gift card's remaining value.[1]

18. In direct violation of the laws of Massachusetts and many of her sister states and contrary to Defendants' representations, Defendants' policies "authorize[] the purchaser or holder to add value [to Defendants' Gift Cards] and [after being] redeemed in part, such that the value remaining is $5.00 or less, [do not allow purchasers or holders to] make an election to receive the balance in cash or continue using the gift certificate." M.G.L.A. 200A § 5D.

19. These small balances add up. Defendants have distributed millions of these cards to Gift Card purchasers and holders throughout the United States. Thus, Defendants have acquired at least millions of dollars in revenue to which they are not entitled.

---

[1] *See also* Colorado (Colo. Rev. Stat. § 6-1-722(b)(2)); Maine (Me. Rev. Stat. Ann. tit. 33, § 1953(G)(5)); Montana (Mont. Code Ann. § 30-14-108(4)); Oregon (Or. Rev. Stat. § 646A.276(1)(d)); Rhode Island (R.I. Gen. Laws § 6-13-12); Vermont (Vt. Stat. Ann. tit. 8, § 2704); Washington (Wash. Rev. Code § 19.240.020(3)).

20. Plaintiffs are Gift Card holders who assert claims on behalf of themselves and similarly situated Gift Card holders for breach of contract, unjust enrichment, and violations of consumer protection statutes.

**PARTIES**

21. Plaintiff Daniel Crooks is a citizen of New Jersey who resides in Manchester, New Jersey. Mr. Crooks possesses a Gift Card that originally contained a balance of greater than $5 but currently contains a balance of $4.54. Mr. Crooks received the Gift Card as a gift in March 2021. Crooks was not aware of Defendants' unfair and deceptive policies before he received the Gift Card. Mr. Crooks attempted to obtain a refund of the balance of his Gift Card in cash in May 2022 before filing suit. First, Mr. Crooks had his Counsel call the telephone number on the back of his Gift Card, but there was no mechanism by which to request a refund. Second, Mr. Crooks sent a letter via certified mail return receipt requested, through his Counsel to Defendants (See Exhibit 1). Defendants did not provide a refund.

22. Plaintiff Matthew Miller is a citizen of California who resides in Mission Viejo, California. Mr. Miller is the holder of multiple Gift Cards with values below $10. At least one of which he obtained on or about February 8, 2022 and has a value of $2. Mr. Miller was not aware of Defendants' unfair and deceptive policies before he received the Gift Cards. Mr. Miller only learned about Defendants' policies regarding refunds when he attempted to obtain the balance of his Gift Cards in cash and was refused. Specifically, on or about January 2022, Mr. Miller went to Dunkin' stores located at 26722 Portola Pkwy A, Foothill Ranch, CA 92610 and 23771 El Toro Rd, Lake Forest, CA 92630 to request the balance of his Gift Cards. When he requested the balance these Gift Cards, Dunkin' employees informed him that he was not able to recover the balance and in fact the employees did not have a way for them to refund the balance on Gift Cards. Next, on February 8, 2022, Mr. Miller emailed Defendants at

4

"customerservice@dunkinbrands.com," requesting a refund of the balance of one of his Gift Cards, which had a value of less than $10.  Then on March 8, 2022 Mr. Miller emailed Defendants at the same email address requesting refunds of two additional Gift Cards, which each had a value of less than $10.  The same day, Defendants responded that they "are unable to process these requests over email or telephone. Therefore, we recommend you go to your nearest Dunkin' location for this request to be completed."  Shortly after this conversation, on or around March 10, 2022, Mr. Miller again went to Dunkin' stores located at 26722 Portola Pkwy A, Foothill Ranch, CA 92610 and 23771 El Toro Rd, Lake Forest, CA 92630 to request the balance of his Gift Cards. When he requested the balance these Gift Cards, Dunkin' employees informed him that he was not able to recover the balance and in fact the employees did not have a way for them to refund the balance on Gift Cards.

23.     Plaintiffs were injured as a result of Defendants' policies because they (a) were charged a hidden fee in the form of a balance that they were not able to receive in cash, and (b) were harmed in that their Gift Card balance, which is only usable to purchase Defendants' products, is worth less than the value of what they are entitled to, i.e., a balance that they can spend anywhere.

24.     Defendant Dunkin' Brands Group Inc. is a Delaware corporation with its principal place of business at 130 Royall St., Canton, MA, 02021.  Defendant Dunkin' Brands Group Inc. operates coffee and snack shops throughout the United States.

25.     Defendant SVC Service II LLC is a Colorado limited liability company with its principal place of business at 130 Royall St., Canton, MA, 02021.   Defendant Dunkin' Brands Group Inc. is the parent company of Defendant SVC Service II LLC.  Defendant SVC Service II LLC is the issuer of the Gift Cards and services the Gift Cards at Dunkin' Brands Group Inc.'s direction.

26. Each of the Defendants acted jointly to perpetrate the acts described herein. At all times relevant to the allegations in this matter, each of these Defendants acted in concert with, with the knowledge and approval of, and/or as the agent of the other Defendant within the course and scope of the agency, regarding the acts and omissions alleged.

## JURISDICTION AND VENUE

27. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Defendants.

28. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendants maintain their principal place of business in this district and a substantial portion of the events that gave rise to this cause of action occurred here.

29. This court has personal jurisdiction over Defendants because Defendants maintain their principal place of business in this district.

## CLASS REPRESENTATION ALLEGATIONS

30. Plaintiffs seek to represent a class defined as all persons in the United States who possess Gift Cards that are maintained by Defendants (the "Class").

31. Plaintiff Crooks also seeks to represent a subclass defined as all Class members who reside in New Jersey who possess Gift Cards that are maintained by Defendants (the "New Jersey Subclass").

32. Plaintiff Miller also seeks to represent a subclass defined as all Class members who reside in California who possess Gift Cards that are maintained by Defendants (the "California Subclass") (collectively with the Class and the New Jersey Subclass, the "Classes").

33. Members of the Classes are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Classes number in the hundreds of thousands. The precise number of Class members and their identities are unknown to Plaintiffs at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendants and third-party retailers and vendors.

34. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to, whether Defendants' Gift Card refund policies are false and misleading.

35. The claims of the named Plaintiffs are typical of the claims of the Class in that the named Plaintiffs were exposed to Defendants' false and misleading marketing and promotional materials and representations, possess Gift Cards, and suffered a loss as a result of Defendants' possible prepayment amount and refund policies.

36. Plaintiffs are adequate representatives of the Classes because their interests do not conflict with the interests of the Class members they seeks to represent, they have retained competent counsel experienced in prosecuting class actions, and they intend to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiffs and their counsel.

37. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by

the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendants' liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
### Violations of the New Jersey Truth-in-Consumer Contract, Warranty and Notice Act "TCCWNA," New Jersey Stat. §§ 56:12-14 to 56:12-18

38.     Plaintiffs incorporate by reference and re-allege each and every allegation set forth above as though fully set forth herein.

39.     Plaintiff Crooks brings this claim individually and on behalf of the members of the New Jersey Subclass against Defendants.

40.     The TCCWNA provides:

> No seller … shall in the course of his business offer to any consumer or prospective consumer or enter into any written consumer contract or give or display any written consumer warranty, notice or sign … which includes any provision that violates any clearly established legal right of a consumer or responsibility of a seller, lessor, creditor, lender or bailee as established by State or Federal law at the time the offer is made or the consumer contract is signed or the warranty, notice or sign is given or displayed.

41.     The Gift Card statements that state "Card Value may not be redeemed for cash, check or credit unless required by law," are written consumer warranties, notices, and/or signs

offered, given, and/or displayed to consumers and prospective consumers subject to the TCCWNA.

42. Plaintiff Crooks and members of the New Jersey Subclass are "consumer[s] or prospective consumer[s]" within the meaning of N.J.S.A. § 56:12-15.

43. Defendants are "sellers" within the meaning of N.J.S.A. § 56:12-15.

44. The rights of consumers to obtain a refund of the balance of their Gift Cards when the balance is less than $5, as well as the right to avoid deception caused by false and misleading statements on the Gift Card labels and marketing materials, are "clearly established legal rights" under N.J.S.A. § 56:8-2 and N.J.S.A. 46:30B-42.1(h).

45. The responsibility of a seller to refrain from the employment of any unconscionable commercial practice, deception, fraud, false pretense, or misrepresentation, and to refrain from the knowing concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale of merchandise, and to refrain from selling products with labels that make false statements about the products, are clearly established under N.J.S.A. § 56:8-2.

46. Defendants violated the TCCWNA by stating that the Gift Cards were non-refundable when New Jersey state law clearly requires that "if a stored value card is redeemed and a balance of less than $5 remains on the card after redemption, at the owner's request the merchant or other entity redeeming the card shall refund the balance in cash to the owner." N.J.S.A. 46:30B-42.1(h).

47. Additionally, "a contract or notice cannot simply state in a general, nonparticularized fashion that some of the provisions of the contract or notice may be void, inapplicable, or unenforceable in some states." *Shelton v. Restaurant.com, Inc.*, 214 N.J. 419, 428, 70 A.3d 544, 549 (2013).

48. Defendants further violated the TCCWNA by misrepresenting that the Gift Cards complied with state law when in fact they did not.

49. Defendants' acts and omissions are material, in that a reasonable person would attach importance to the information and would be induced to act on the information in making purchase decisions.

50. Plaintiff Crooks and members of the Class and the New Jersey Subclass were injured as a result because they (a) were charged a hidden fee in the form of a balance that they were not able to obtain receive in cash, and (b) were harmed in that their Gift Card balance which is only usable to purchase Defendants' products is worth less than the value of what they are entitled to, i.e. a balance that they can spend anywhere.

51. Pursuant to N.J.S.A. § 56:12-17, Defendants are liable to Plaintiff Crooks and the New Jersey Subclass for civil penalties of not less than $100 per violation or for actual damages, or both, at the election of the consumer.  In addition, Plaintiff Crooks is entitled to reimbursement for all reasonable attorneys' fees and court costs incurred as a result of bringing this action.

## COUNT II
### Unjust Enrichment

52. Plaintiffs incorporate by reference and re-allege each and every allegation set forth above as though fully set forth herein.

53. Plaintiffs brings this claim individually and on behalf of members of the Classes against Defendants.

54. Plaintiffs and Class members conferred benefits on Defendants by paying money to Defendants for the Gift Cards or causing others to pay money on their behalf.

55. Defendants have knowledge of such benefits.

56. Defendants have been unjustly enriched in retaining the revenues derived from Plaintiffs' and Class members' Gift Card balance remainders.  Retention of those moneys under

these circumstances is unjust and inequitable because Defendants did not disclose that their Gift Card balances were non-refundable despite the explicit terms stating that the balances were refundable under certain conditions.

57. Defendants have also been unjustly enriched by their unfair and unlawful practice of refusing cash redemptions on unused card balances, resulting in additional funds on unused cards reverting to Defendants.

58. Because Defendants' retention of the non-gratuitous benefits conferred on them by Plaintiffs and Class members is unjust and inequitable, Defendants must pay restitution to Plaintiffs and the Class members for their unjust enrichment, as ordered by the Court.

## COUNT III
### Breach of Contract

59. Plaintiffs incorporate by reference and re-allege each and every allegation set forth above as though fully set forth herein.

60. Plaintiffs bring this claim individually and on behalf of members of the Classes against Defendants.

61. Plaintiffs and Class Members (either as principals or third-party beneficiaries) entered into identical, binding contracts with Defendants by accepting Defendants' offer to purchase Defendants' Gift Cards in accordance with the terms of Defendants' terms located on the back of the Gift Cards which stated that "Card Value may not be redeemed for cash, check or credit unless required by law."

62. In consideration of the Gift Cards, Defendants were paid money.

63. Defendants breached this agreement by failing to allow Plaintiffs and class members to redeem their Gift Cards for cash even when required by law to do so.

64. Plaintiffs and members of the Class have suffered damages as a direct and proximate result of Defendants' breach, including, but not limited to, being deprived of the cash from their Gift Card balances to which they were promised.

65. As a direct and proximate result of Defendants' breach, Plaintiffs and the Classes are entitled to damages to be decided by the trier of fact in this action. Such damages include, but are not limited to, redemption of their Gift Card balance.

## COUNT IV
### Violation of the Massachusetts Unfair and Deceptive Business Practices Act, Mass. Gen. Laws Ch. 93A, *et seq.*

66. Plaintiffs incorporate by reference and re-allege each and every allegation set forth above as though fully set forth herein.

67. Plaintiffs bring this claim individually and on behalf of the members of the Classes against Defendants.

68. Section 2 of Chapter 93—the Massachusetts Unfair and Deceptive Business Practices Act ("MUDBPA")—prevents the use of "unfair or deceptive acts or practices in the conduct of any trade or commerce." An act is "deceptive" under Chapter 93A "if it could reasonably be found to have caused a person to act differently from the way he otherwise would have acted." *Tagliente v. Himmer*, 949 F.2d 1, 7 (1st Cir. 1991).

69. Section 9 provides: "Any person … who has been injured by another person's use or employment of any method, act or practice declared to be unlawful by section two … may bring an action in the superior court … for damages and such equitable relief, including an injunction, as the court deems to be necessary and proper … Any persons entitled to bring such action may, if the use or employment of the unfair or deceptive act or practice has caused similar injury to numerous other persons similarly situated and if the court finds in a preliminary hearing that he

adequately and fairly represents such other persons, bring the action on behalf of himself and such other similarly injured and situated persons."

70. Pursuant to the definitions codified at Chapter 93A § 1, Defendants are "persons," and Defendants are engaged in "trade" and "commerce" in Massachusetts by offering for sale Gift Cards that directly or indirectly affect the people of Massachusetts. Additionally, Defendants' principal place of business is in Massachusetts.

71. By engaging in the acts and omissions alleged above and incorporated herein, Defendants have engaged and continue to engage in unfair or deceptive acts or practices in the conduct of trade or commerce.

72. Defendants' misrepresentations deceive and have a tendency to deceive a reasonable consumer and the general public.

73. Defendants' acts and omissions are material, in that a reasonable person would attach importance to the information and would be induced to act on the information in making purchase decisions.

74. Defendants' conduct is also misleading in a material way because it fails to comport with Massachusetts' M.G.L.A. 200A § 5D, in that Defendants' policies authorize the purchaser or holder to add value to Defendants' Gift Cards and after being redeemed in part, such that the value remaining is $5.00 or less, do not allow purchasers or holders to make an election to receive the balance in cash or continue using the gift certificate.

75. M.G.L.A. 200A § 5D was enacted to protect purchasers or holders of gift certificates from deceptive and confusing business practices.

76. Plaintiffs and members of the Classes were injured as a result because they (a) were charged a hidden fee in the form of a balance that they were not able to receive in cash, and (b) were harmed in that their Gift Card balance which is only usable to purchase Defendants' products

13

is worth less than the value of what they are entitled to, i.e. a balance that they can spend anywhere.

77. Mass. Gen. Laws Ch. 93A, *et seq.* represents a fundamental public policy of the Commonwealth of Massachusetts.

78. For each loss, Plaintiffs and each member of the Classes may recover an award of actual damages or twenty-five dollars, whichever is greater. Ch. 93A § 9(3).

79. Because Defendants acted willfully or knowingly, Plaintiffs and each member of the Classes may recover up to three but not less than two times this amount. In addition, Plaintiffs may recover attorneys' fees and costs.

80. Plaintiffs and the members of the Classes may also pray for the imposition of injunctive relief which limits and polices Defendants' representations within or reaching Massachusetts. The balance of the equities favors the entry of permanent injunctive relief against Defendants. Plaintiffs, members of the Classes, and the general public will be irreparably harmed absent the entry of permanent injunctive relief against Defendants. Plaintiffs, members of the Classes, and the general public lack an adequate remedy at law. A permanent injunction against Defendants is in the public interest. Defendants' unlawful behavior is capable of repetition or re-occurrence absent the entry of a permanent injunction.

81. In accordance with Mass. Gen. Laws Ch. 93A, § 9(3), Plaintiffs' counsel served Defendants with written notice of their violation of Ch. 93A and a demand for relief on May 17, 2022. A true and correct copy of Plaintiffs' letter is attached hereto as **Exhibit 1**.

**<u>COUNT V</u>**
**Violation of California Unfair Competition Law**
**Business and Professions Code § 17200**
**(On Behalf of the California Subclass)**

82. Plaintiffs incorporate by reference each of the allegations set forth in the preceding paragraphs.

83. Plaintiff Miller brings this claim on behalf of the California Subclass.

84. Defendants' conduct described herein violates the Unfair Competition Law (the "UCL"), codified at California Business and Professions Code section 17200, *et seq.*

85. The UCL prohibits, and provides civil remedies for, unfair competition. Its purpose is to protect both consumers and competitors by promoting fair competition in commercial markets for goods and services. In service of that purpose, the Legislature framed the UCL's substantive provisions in broad, sweeping language.

86. By defining unfair competition to include any "any unlawful, unfair or fraudulent business act or practice," the UCL permits violations of other laws to be treated as unfair competition that are independently actionable, and sweeps within its scope acts and practices not specifically proscribed by any other law.

87. The UCL expressly provides for injunctive relief, and also contains provisions denoting its public purpose. A claim for injunctive relief under the UCL is brought by a plaintiff acting in the capacity of a private attorney general. Although the private litigant controls the litigation of an unfair competition claim, the private litigant is not entitled to recover compensatory damages for his own benefit, but only disgorgement of profits made by the defendant through unfair or deceptive practices in violation of the statutory scheme or restitution to victims of the unfair competition.

88. As alleged herein, Defendants' conduct violates the UCL's "unfair" prong insofar as Defendants regularly, knowingly, and intentionally make false or misleading representations that they will refund money if required to do so by law.

89. As alleged above, Defendants' conduct also violates the UCL's "unlawful" prong insofar as Defendants refuse to refund the balances of Gift Cards that Plaintiff Miller and California Subclass members hold despite being required to by California law. In fact, Defendants have not even provided a system that allows Gift Card holders to request a refund.

90. Defendants' conduct was not motivated by any legitimate business, economic need, or rationale. The harm and adverse impact of Defendants' conduct on members of the general public were neither outweighed nor justified by any legitimate reasons, justifications, or motives.

91. The harm to Plaintiff Miller and members of the California Subclass arising from

15

Defendants' unfair and unlawful practices outweighs the utility, if any, of those practices.

92. Defendants' unfair and unlawful business practices as alleged herein are immoral, unethical, oppressive, unscrupulous, unconscionable, and/or substantially injurious to Plaintiff Miller, members of the California Subclass, and the general public.

93. Defendants' conduct was substantially injurious to consumers in that they have suffered monetary injury because of Defendants' conduct. As described above, the Gift Cards held by Plaintiff Miller and the California Subclass carry a hidden fee and are worth less than they would be but for Defendants' conduct.

94. Moreover, Defendants committed fraudulent business acts and practices in violation of California's CA CIVIL § 1749.5(b)(1) by representing that they would refund the balance of Gift Cards if the law required it despite maintaining a policy of declining to refund the balance to gift card holders even when California law required it.

95. Plaintiff Miller relied on Defendants' misrepresentations and material omissions. Such misrepresentations and omissions misled Plaintiff Miller and are likely to mislead the public. Plaintiff Miller seeks to enjoin Defendants from misrepresenting and/or omitting this material and accurate information in the documents that it makes available to existing Gift Card holders and the general public.

96. Plaintiff Miller and members of the California Subclass relied on Defendants' misrepresentations and omissions in that Plaintiff Miller received and reviewed the materials provided by Defendants, and like any reasonable Gift Card holder, understood these documents to mean that he could obtain the balance of his Gift Card if it was below $10.

97. As a result of Defendants' violations of the UCL, Plaintiff Miller and members of the California Subclass have suffered, and/or will continue to suffer from Defendants' unfair and unlawful policies, and thereby have suffered and will continue to suffer actual damages.

98. Absent injunctive and public injunctive relief prohibiting Defendants from misrepresenting and omitting material information concerning its unfair policies at issue in this

lawsuit, Plaintiff Miller and other existing Gift Card holders, and the general public will be exposed to Defendants' conduct violative of the UCL.

## RELIEF DEMANDED

99. WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

    a. For an order certifying the nationwide Class, the New Jersey Subclass, and the California Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiffs as representatives of the nationwide Class, the New Jersey Subclass, and the California Subclass and Plaintiffs' attorneys as Class Counsel to represent the nationwide Class, the New Jersey Subclass, and the California Subclass members;

    b. For an order declaring that Defendants' conduct violates the statutes referenced herein;

    c. For an order finding in favor of Plaintiffs, the nationwide Class, the New Jersey Subclass, and the California Subclass on all counts asserted herein;

    d. For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

    e. For prejudgment interest on all amounts awarded;

    f. For an order of restitution and all other forms of equitable monetary relief;

    g. For an order enjoining Defendants from continuing the illegal practices detailed herein and compelling Defendants to undertake a corrective advertising campaign; and

    h. For an order awarding Plaintiffs and the Class, the New Jersey Subclass, and the California Subclass their reasonable attorneys' fees and expenses and costs of suit.

## JURY TRIAL DEMANDED

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury on all claims so triable.

Dated: July 22, 2022                              Respectfully submitted,

                                                        **REARDON SCANLON LLP**

        By: */s/ James J. Reardon, Jr.*
            James J. Reardon, Jr.

James J. Reardon, Jr.
45 South Main Street, 3rd Floor
West Hartford, CT  06107
Telephone: (860) 955-9455
Facsimile:  (860) 920-5242
Email:  james.reardon@reardonscanlon.com

**BURSOR & FISHER, P.A.**
Julian C. Diamond (*Pro Hac Vice*)
Philip L. Fraietta (*Pro Hac Vice Forthcoming*)
Julian C. Diamond
888 Seventh Avenue
New York, NY 10019
Tel:  (646) 837-7150
Fax: (212) 989-9163
E-Mail:  jdiamond@bursor.com
        pfraietta@bursor.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 22, 2022, a true and correct copy of the forgoing was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ James J. Reardon, Jr.*
James J. Reardon, Jr.
